# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CAMERON WOODALL,<br>　　　*Plaintiff,*<br>v.<br><br>CYCLE GEAR, INC., ET AL.,<br>　　　*Defendants.* | §<br>§<br>§　Civil Action No. 4:23-CV-870<br>§　Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cycle Gear, Inc.'s Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement as to Plaintiff's Second Amended Complaint (Dkt. #36). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This case arises from a motorcycle collision in which Plaintiff suffered a traumatic brain injury allegedly due to a defective motorcycle helmet "designed, manufactured, and marketed by Defendant Cycle Gear and/or Yohe" that he wore during the collision (Dkt. #33 at p. 4, ¶¶10–11). On September 29, 2023, Plaintiff filed his Original Complaint bringing causes of action for negligence, gross negligence, a design defect, and a manufacturing defect (Dkt. #1 at pp. 3–6). Defendant Cycle Gear moved to dismiss Plaintiff's Complaint on all counts, but the Court granted Plaintiff leave to amend (Dkt. #20). On January 31, 2024, Plaintiff did so (Dkt. #21). Shortly thereafter, Defendant again moved to dismiss Plaintiff's First Amended Complaint (Dkt. #25). In response, Plaintiff amended his Complaint once more, this time purportedly "establishing Cycle Gear's liability as a non-manufacturing seller, pursuant to Texas Civil Practice and Remedies Code

82.003" (Dkt. # 38 at pp. 1–2). Defendant now moves to dismiss a third time, arguing that Plaintiff's Second Amended Complaint does not allege sufficient facts to state a plausible claim for defective manufacturing, negligent products liability, and gross negligence (Dkt. #36). In the alternative, Defendant seeks a more definite statement of the facts underlying Plaintiff's Second Amended Complaint (Dkt. #36).

## LEGAL STANDARD

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

### B. Rule 12(e) Standard

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of the pleadings when the pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Motions for a more definite

statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8 . . . it is clearly the policy of the Rules that Rule 12(e) should not be used to . . . require a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Source Data Acquisition, LP v. Talbot Grp., Inc.*, 4:07-cv-294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006)). "Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Id.*

## ANALYSIS

After reviewing Plaintiff's Second Amended Complaint and the arguments presented in the briefs, the Court finds that Plaintiff has stated plausible claims for relief under Rule 12(b)(6). Accordingly, the Court denies Defendant's Motion to dismiss.

## CONCLUSION

It is therefore **ORDERED** that Defendant Cycle Gear, Inc.'s Rule 12(b)(6) Motion to Dismiss and Alternative Rule 12(e) Motion for More Definite Statement as to Plaintiff's Second Amended Complaint (Dkt. #36) is **DENIED** with prejudice.

**IT IS SO ORDERED.**
**SIGNED this 6th day of November, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE