# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CAMERON WOODALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:23-cv-870 |
| | § | Judge Mazzant |
| CYCLE GEAR, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment to Establish Defendant Cycle Gear, Inc.'s Liability as the Manufacturer of Plaintiff's Helmet Pursuant to Tex. Civ. Prac. & Rem. Code § 82.003 (Dkt. #39). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a product liability action arising from a motorcycle accident in which Plaintiff alleges he sustained a traumatic brain injury while wearing a helmet that failed to adequately protect him. Plaintiff contends that Defendants Yohe Helmet Manufacturing Co., Ltd. and Foshan City Nanhai Yongheng Helmet Manufacturing Co., Ltd. ("the Foreign Defendants"), both Chinese entities, defectively manufactured the helmet (Dkt. #39 at p. 1). Defendant Cycle Gear, Inc. allegedly marketed and sold the helmet (Dkt. #39 at p. 1). The issue before the Court is whether Defendant Cycle Gear may be held liable as the manufacturer under Texas law in light of the Foreign Defendants' failure to appear.

Plaintiff claims the helmet was unreasonably dangerous because it did not incorporate alternative designs that would have protected against inter-helmet rotational forces (Dkt. #39, at

p. 2). Based on the alleged design defect and resulting injury, Plaintiff asserts that Defendant Cycle Gear bears "manufacturer liability" under Texas Civil Practice & Remedies Code § 82.003, which permits a claimant to hold a non-manufacturing seller liable under certain circumstances (Dkt. #39 at p. 2). TEX. CIV. PRAC. & REM. CODE § 82.003.

Plaintiff argues that the statutory presumption of jurisdictional unavailability under § 82.003(c) applies because the Foreign Defendants were served via the Texas Secretary of State but did not appear (Dkt. #44 at p. 2). Defendant Cycle Gear argues that service was improper under the Hague Service Convention, and that without valid service, the presumption does not apply (Dkt. #42, at pp. 7–8).

On July 10, 2024, Plaintiff filed his Motion for Partial Summary Judgment, arguing that Defendant Cycle Gear is liable as a manufacturer because the Foreign Defendants are conclusively presumed beyond the Court's jurisdiction (Dkt. #39). On July 31, 2024, Defendant Cycle Gear filed its Response asserting that Plaintiff's service was invalid under the Hague Convention and that factual disputes preclude summary judgment (Dkt. #42). On August 7, 2024, Plaintiff filed his Reply maintaining that service under § 82.003(c) via the Secretary of State was sufficient to trigger the statutory presumption (Dkt. #44). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id*. The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary

judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff seeks partial summary judgment establishing that Defendant Cycle Gear is liable as the manufacturer of the helmet under Tex. Civ. Prac. & Rem. Code § 82.003 (Dkt. #44 at p. 3). That statute permits a claimant to hold a non-manufacturing seller liable if the actual manufacturer is not subject to the jurisdiction of the court. TEX. CIV. PRAC. & REM. CODE § 82.003. Plaintiff's Motion presents two issues before the Court, namely:

1. Whether Plaintiff's efforts to serve the Foreign Defendants were sufficient to trigger the statutory presumption that they are beyond the Court's jurisdiction; and

2. Whether Defendant Cycle Gear has rebutted that presumption by securing personal jurisdiction over those manufacturers.

(*See generally* Dkt. #39; Dkt #44 at pp. 2–3).

The Court addresses each issue in turn below, finding that the presumption applies and has not been rebutted. Thus, Defendant Cycle Gear is liable as a manufacturer under Texas law.

**I.        Whether the Presumption in Tex. Civ. Prac. & Rem. Code § 82.003(c) Applies**

Under Texas law, a non-manufacturing seller may be held liable for a defective product if "the manufacturer of the product is not subject to the jurisdiction of the court." TEX. CIV.

PRAC. & REM. CODE § 82.003(a)(7)(B).[1] Subsection (c) provides a mechanism for establishing this jurisdictional unavailability through a statutory presumption:

> If after service on a nonresident manufacturer through the secretary of state in the manner prescribed by Subchapter C, Chapter 17, the manufacturer fails to answer or otherwise make an appearance in the time required by law, it is conclusively presumed for the purposes of Subsection (a)(7)(B) that the manufacturer is not subject to the jurisdiction of the court unless the seller is able to secure personal jurisdiction over the manufacturer in the action.

TEX. CIV. PRAC. & REM. CODE § 82.003(c).

Here, Plaintiff served both Foreign Defendants via the Texas Secretary of State on February 14, 2024 (Dkt. #39 at p. 3; Dkt. #39-2). The Secretary of State forwarded the materials by mail on March 7, 2024, and by May 8, 2024, no response had been received (Dkt. #39-2). To this day, neither Foreign Defendant has answered nor appeared in this case. Accordingly, Plaintiff has satisfied the statutory conditions for invoking the presumption under § 82.003(c).

Defendant Cycle Gear argues that the presumption is inapplicable because Plaintiff did not serve the Foreign Defendants in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Dkt. #42 at p. 2). But § 82.003(c) does not require Hague-compliant service. *See* TEX. CIV. PRAC. & REM. CODE § 82.003(c). The Texas Legislature specifically provided that service "through the secretary of state" creates a rebuttable presumption of due diligence. *Id.* Nothing in the statute suggests that the legislature intended to incorporate international service treaties into the mechanism for triggering seller liability. *See id.* This reading is reinforced by other courts in this circuit holding that service on a Chinese manufacturer through the Secretary of State was sufficient to trigger the

---

[1] Although Plaintiff proposes as an issue whether Defendant Cycle Gear qualifies as a "seller" under Tex. Civ. Prac. & Rem. Code § 82.001(3), the Court need not address that question because Defendant Cycle Gear has expressly stated that it does not dispute its status as a seller under the statute (Dkt. #42 at p. 2).

§ 82.003(c) presumption. *See McMillan v. Amazon.com, Inc.*, 433 F. Supp. 3d 1034 (S.D. Tex. 2020), rev'd and remanded on other grounds, 2 F.4th 525 (5th Cir. 2021). The court in *McMillan* rejected the argument that plaintiffs must go further and "prove the negative" by establishing a lack of jurisdiction through traditional minimum contacts analysis. *Id.* at 1039–40.

Defendant Cycle Gear cites several cases involving service on original parties for the purpose of obtaining a binding judgment (*See* Dkt. #42 at p. 4). But those cases are distinguishable. Here, Plaintiff is not seeking a judgment against the Foreign Defendants; rather, he is invoking a statutory presumption to shift liability to a seller who placed the product in the stream of commerce (*See* Dkt. #39 at p. 5). The purpose of § 82.003(c) is to address precisely this scenario.

Because Plaintiff used the Secretary of State to serve the Foreign Defendants, neither of which has answered or appeared, the Court holds that the conclusive presumption under § 82.003(c) applies. The only remaining question is whether Defendant Cycle Gear has rebutted that presumption by securing jurisdiction over the manufacturers. It has not.

## II.     Whether Defendant Cycle Gear Has Rebutted the Presumption by Securing Personal Jurisdiction Over the Foreign Defendants

Under Tex. Civ. Prac. & Rem. Code § 82.003(c), once the conclusive presumption applies that the manufacturer is not subject to the court's jurisdiction, that presumption may be rebutted "if the seller is able to secure personal jurisdiction over the manufacturer in the action." TEX. CIV. PRAC. & REM. CODE § 82.003(c). The statute thus places the burden squarely on the seller to take affirmative steps to bring the manufacturer within the Court's jurisdiction.

There is no evidence in the record that Defendant Cycle Gear has made any effort to secure personal jurisdiction over the Foreign Defendants. Defendant Cycle Gear has not initiated third-party practice, served discovery aimed at developing jurisdictional facts, or otherwise

indicated that it has taken any steps toward that end. Instead, Cycle Gear focuses its opposition on attacking Plaintiff's service under the Hague Convention and arguing that the presumption under § 82.003(c) should not apply (*See* Dkt. #42 at pp. 5–7). But that argument addresses the predicate for the presumption—not whether the presumption, once triggered, has been rebutted.

Texas courts have interpreted this burden as an affirmative one. Again, in *McMillan*, the court applied § 82.003(c) and held that once the plaintiff served a Chinese manufacturer through the Texas Secretary of State and no appearance was made, the burden shifted to the seller to secure jurisdiction over the manufacturer. *McMillan*, 433 F. Supp. 3d at 1040. The court emphasized that the plaintiff was not required to disprove jurisdiction over the manufacturer once the conditions of § 82.003(c) were met; instead, the seller bore the responsibility to bring the manufacturer into the case. *Id*.

Here, Defendant Cycle Gear has not made such a showing. Nor has Defendant Cycle Gear indicated any intent to seek leave to join the Foreign Defendants or to pursue jurisdictional discovery. Without any evidence to suggest that Defendant Cycle Gear has secured or attempted to secure jurisdiction over the Foreign Defendants, the presumption remains unrebutted. Accordingly, the Court concludes that Defendant Cycle Gear has not rebutted the presumption under Tex. Civ. Prac. & Rem. Code § 82.003(c) and is therefore subject to manufacturer liability for purposes of this action. Therefore, the Court finds that it should **GRANT** Plaintiff's Motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment to Establish Defendant Cycle Gear, Inc.'s Liability as the Manufacturer of Plaintiff's Helmet Pursuant

to Tex. Civ. Prac. & Rem. Code § 82.003 (Dkt. #39) is hereby **GRANTED**. Defendant Cycle Gear is subject to liability as a manufacturer under Tex. Civ. Prac. & Rem. Code § 82.003(a)(7)(B).

 **IT IS SO ORDERED.**

 **SIGNED this 29th day of July, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE