# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CAMERON WOODALL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | |
| CYCLE GEAR, INC., YOHE HELMET | § | Civil Action No. 4:23-cv-870 |
| MANUFACTURING CO., LTD., and | § | Judge Mazzant |
| FOSHAN CITY NANHAI | § | |
| YONGHENG HELMET | § | |
| MANUFACTURING CO., LTD., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Corrected Motion to Exclude Certain Opinions of Janya M. Mercado, Ph.D. (Dkt. #62). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This is a product liability case arising from a motorcycle accident. Plaintiff alleges that on September 9, 2022, he was severely injured while wearing a motorcycle helmet allegedly designed and manufactured by Defendants Yohe Helmet Manufacturing Co., Ltd. and Foshan City Nanhai Yongheng Helmet Manufacturing Co., Ltd.; and distributed and sold by Defendant Cycle Gear (Dkt. #62 at p. 2). Plaintiff claims the helmet was defectively designed and unreasonably dangerous because it failed to incorporate available anti-rotational technology, which allegedly would have mitigated the forces that caused his traumatic brain injury during the accident (Dkt. #62 at pp. 2, 4). Plaintiff asserts that the helmet failed to perform as intended under real-world conditions and attributes his resulting diffuse axonal injury to the alleged design defects (Dkt. #62 at p. 2; Dkt. #63

at p. 1). In support of his claims, Plaintiff offers expert medical opinions attributing his symptoms exclusively to the traumatic brain injury sustained during the crash (Dkt. #62 at p. 2).

Defendant Cycle Gear disputes Plaintiff's characterization and maintains that Plaintiff's cognitive and neurological impairments may be influenced, at least in part, by his history of marijuana use, as documented in his medical records (Dkt. #62 at p. 4; *see generally* Dkt. #63-2). In support of this theory, Defendant Cycle Gear designated Dr. Janyna M. Mercado, a neuropsychologist, to offer opinions regarding the potential relevance of Plaintiff's prior substance use to his current condition (*See* Dkt. #63 at p. 2). Dr. Mercado did not examine Plaintiff but reviewed his medical history and opined that substance use is a relevant pre-existing risk factor when evaluating post-injury impairments (Dkt. #62-3 at pp. 2–8; Dkt. #63 at p. 5).

On April 22, 2025, Plaintiff filed a Corrected Motion to Exclude, arguing that Dr. Mercado's opinions concerning Plaintiff's marijuana use are speculative, unreliable, and inadmissible under Rules 403 and 702 (Dkt. #62). On May 6, 2025, Defendant Cycle Gear filed its Response, contending that Dr. Mercado is qualified, her opinions are relevant and reliable, and any potential prejudice does not warrant exclusion (Dkt. #63). On May 13, 2025, Plaintiff filed a Reply, reiterating that Dr. Mercado's opinions lack a reliable scientific basis and would unfairly prejudice the jury (Dkt. #67). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharms., Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. 509 U.S. 579,

590–93 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, to be admissible, expert testimony must be "not only relevant but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exclusive list of factors that courts may use when evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4) whether the theory or technique is generally accepted in the relevant scientific community. *Id.* at 593–94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." 509 U.S. at 595.

The *Daubert* factors are not "a definitive checklist or test." *Id.* at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for

3

determining reliability can adapt to the particular circumstances underlying the testimony at issue. *Kuhmo*, 526 U.S. at 152. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted).

## ANALYSIS

To determine whether Dr. Mercado's expert testimony is admissible, the Court considers both Rule 702 and Rule 403 of the Federal Rules of Evidence. The Court first evaluates whether Dr. Mercado's challenged opinions satisfy the requirements of Rule 702. *See* FED. R. EVID. 702. Assuming she meets the requirements under Rule 702 (she does), the Court will then assess under Rule 403 whether the probative value of Dr. Mercado's opinions is substantially outweighed by any risk of unfair prejudice. *See* FED. R. EVID. 403. The Court addresses each issue in turn below.

## I.    Admissibility Under Rule 702

Rule 702 permits testimony by an expert "who is qualified by knowledge, skill, experience, training, or education" to be used at trial if it is more likely than not that: (1) the expert's specialized knowledge is helpful to the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. *See* FED. R. EVID. 702. For the reasons below, Dr. Mercado's testimony satisfies these criteria under Rule 702.

### A.    Dr. Mercado is qualified.

To begin, the Court addresses the threshold inquiry into whether Dr. Mercado is qualified to offer the opinions at issue. An expert may be qualified by "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Here, Plaintiff does not dispute Dr. Mercado's qualifications.

Dr. Mercado is a licensed clinical neuropsychologist who specializes in brain-behavior relationships and the effects of medical history on cognitive and emotional functioning (Dkt. #63 at p. 3). She has extensive experience evaluating patients with traumatic brain injuries, and she routinely conducts evaluations of the kind at issue in this case (Dkt. #62 at p. 3). Thus, the Court finds that Dr. Mercado's background, training, and clinical experience satisfy the qualification requirement under Rule 702.

### B.    Dr. Mercado's specialized knowledge will help the trier of fact.

Next, Rule 702 requires that the expert's opinions "help the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702(a). It is helpful to recall the nature of the underlying dispute when evaluating the helpfulness of Dr. Mercado's opinions in that context.

Again, this is a personal injury product liability case in which Plaintiff alleges that he suffered a traumatic brain injury due to a defect in the helmet he was wearing at the time of the accident (Dkt. #62 at pp. 1–2). Defendant Cycle Gear seeks to introduce Dr. Mercado's opinion that Plaintiff's history of marijuana use is a relevant factor in assessing his current cognitive and psychological impairments (*See generally* Dkt. #67*;* Dkt. #63 at p. 2–3;Dkt. #62 at p. 5).

There is no dispute that Plaintiff's medical records—including those cited in his Life Care Plan—contain repeated references to marijuana use, cannabis dependence, and related diagnoses (Dkt. #62-3 at pp. 7–8; *see generally* Dkt. #63-2). Dr. Mercado relied on these records, in conjunction with her clinical expertise and scientific literature, to conclude that Plaintiff's substance use is a relevant pre-injury risk factor for cognitive dysfunction (Dkt. #63 at pp. 4–7). Because Plaintiff's current neurological and psychological symptoms are central to his damages claims, and because the proposed testimony provides context for evaluating alternative or

contributing causes, the Court finds that Dr. Mercado's opinions would "help the trier of fact to understand the evidence or to determine a fact in issue." *See* FED. R. EVID. 702.

### C.      Dr. Mercado's testimony is based on sufficient facts and data.

The next criterion under Rule 702 is that the expert's methodology must be sufficiently backed by facts and data. *See* FED. R. EVID. 702(b). This inquiry focuses on the basis, reasoning, and scientific validity of the expert's approach. *See, e.g.*, *Robles v. Eminent Med. Ctr., LLC*, 619 F. Supp. 3d 609, 647 (N.D. Tex. 2022); *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795, 800 (N.D. Tex. 2018). Here, Dr. Mercado's opinions are based on her clinical experience and review of Plaintiff's medical records, and accepted literature in the field of neuropsychology (Dkt. #62-3 at p. 12; Dkt. #63 at p. 3). Plaintiff has not cited any authority suggesting that reliance on medical records in this context is improper. In fact, expert witnesses—particularly in medical or psychological disciplines—may base their opinions on a review of records without necessarily conducting an in-person examination. *See United States v. Avants*, 367 F.3d 433, 447 (5th Cir. 2004) (noting, when defining acceptable factual bases experts to rely on, that "Rule 703 . . . does not require a 'personal examination' of the 'person or object of the expert's testimony'"); *see also* FED. R. EVID. 703. Thus, the Court finds that Dr. Mercado's expert testimony is sufficiently supported by facts and data to satisfy Rule 702.

### D.      Dr. Mercado's testimony is the product of reliable principles and methods reliably applied to the facts of the case.

Finally, the remaining criteria is that Dr. Mercado's testimony is scientifically reliable. FED. R. EVID. 702(c)–(d). Dr. Mercado testified that she conducted her analysis in accordance with APA Ethical Standard 9.01(c), which permits forensic opinions based on record review and professional experience when direct testing is not performed (Dkt. #63 at p. 6). She further acknowledged that

while she cannot quantify the extent to which Plaintiff's marijuana use contributed to his current symptoms, that limitation reflects the inherent boundaries of neuropsychological science and does not undermine the reliability of her methodology (Dkt. #63 at p. 6).

Moreover, Plaintiff's argument that Dr. Mercado's opinion should be excluded because Defendant Cycle Gear's neurosurgical expert did not attribute symptoms to marijuana use is unpersuasive. The absence of overlapping opinions among experts does not render an otherwise admissible opinion unreliable, particularly where, as here, the experts' disciplines and goals differ. For these reasons, the Court finds that Dr. Mercado's opinions are the product of reliable principles and methods, and that she applied those methods reliably to the facts of this case. Thus, she has satisfied this prong of Rule 702. *See* FED. R. EVID. 702(c)–(d).

## II.    Admissibility Under Rule 403

Having found that Dr. Mercado's opinions are admissible under Rule 702, the Court next considers whether they should be excluded under Rule 403. That rule allows a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Plaintiff argues that testimony regarding marijuana use is unduly prejudicial, but he offers no analysis under Rule 403, nor does he demonstrate that the danger of unfair prejudice substantially outweighs the probative value of the testimony (Dkt. #63 at p. 7). Quite the opposite, Dr. Mercado's opinions appear to be directly relevant to causation, damages, and the weight to be given to Plaintiff's cognitive complaints (Dkt. #63 at pp. 6–7). The fact that the topic may have prejudicial implications does not render it inadmissible, particularly where the testimony is

grounded in scientific methodology and offered by a qualified expert. Accordingly, the Court finds that Rule 403 does not bar admission of Dr. Mercado's challenged opinions.

Overall, then, the Court finds that neither Rule 702 nor 403 provided a legitimate basis on which to strike Dr. Mercado's opinion. The Court will accordingly **DENY** Defendant's Motion.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Corrected Motion to Exclude Certain Opinions of Janya M. Mercado, Ph.D. (Dkt. #62) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 12th day of August, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE