# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CAMERON WOODALL, § | |
| § | |
| *Plaintiff*, § | |
| v. § | Civil Action No. 4:23-cv-870 |
| § | Judge Mazzant |
| CYCLE GEAR, INC., et al., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt. #58). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

This is a products liability case arising from a motorcycle accident. Plaintiff alleges he suffered a traumatic brain injury while wearing a helmet designed by Defendants Yohe Helmet Manufacturing Co., Ltd. and Foshan City Nanhai Yongheng Helmet Manufacturing Co., Ltd., and sold by Defendant Cycle Gear, Inc. (Dkt. #58 at p. 1). Plaintiff purchased a helmet from Defendant Cycle Gear in Plano, Texas on or before September 9, 2022, and was struck by another vehicle later that day while wearing it (Dkt. #58 at p. 2). Plaintiff contends the helmet was defectively designed and unreasonably dangerous because it lacked anti-rotational technology that would have mitigated rotational brain injuries (Dkt. #58 at pp. 1–2). Plaintiff further alleges that Defendant Cycle Gear had substantial control over the warnings and instructions accompanying the helmet (Dkt. #58 at p. 2).

Defendant Cycle Gear asserted affirmative defenses including federal preemption and the presumption of non-liability under Texas Civil Practice and Remedies Code § 82.008 (Dkt. #58 at pp. 2–3). Plaintiff contends that those defenses fail because federal law does not preempt his claims (Dkt. #58 at pp. 4–8). Moreover, the governing motorcycle helmet standard, Federal Motor Vehicle Safety Standard 218 ("FMVSS 218"), does not cover the specific risk of rotational brain injuries (Dkt. #58 at pp. 4–5). In essence, Plaintiff argues that Defendant Cycle Gear's affirmative defenses fail as a matter of law, while Defendant Cycle Gear maintains that FMVSS 218 encompasses the relevant risk, creating a presumption of non-liability that Plaintiff cannot rebut.

On April 16, 2025, Plaintiff filed his Motion for Partial Summary Judgment seeking dismissal of Defendant Cycle Gear's federal preemption and statutory presumption defenses (Dkt. #58). On May 7, 2025, Defendant Cycle Gear filed its Response, abandoning the preemption defense but contending that it is entitled to the statutory presumption because FMVSS 218 covers the risk of head injuries (Dkt. #66 at pp. 2, 4–6). On May 14, 2025, Plaintiff filed his Reply, maintaining that FMVSS 218 does not regulate the relevant product risk (i.e., rotational brain injury), and in the alternative, that the standard is inadequate to protect the public (Dkt. #68 at pp. 2–7). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a

2

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary

3

judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The Court addresses Plaintiff's Motion by turning directly to Defendant Cycle Gear's reliance on the rebuttable presumption of non-liability under Texas Civil Practice and Remedies Code § 82.008.[1] The only question is whether Defendant Cycle Gear may invoke that statutory presumption. Resolving that question requires determining whether FMVSS 218 "governed the product risk that allegedly caused the harm" (Dkt. #66 at p. 4). Because the Court concludes that FMVSS 218 does not govern the product risk alleged in this case, the threshold condition for applying the presumption is not satisfied. Accordingly, the Court need not analyze whether Plaintiff has raised a material dispute of fact concerning the adequacy of the regulation.

The parties dispute whether Defendant Cycle Gear may rely on the rebuttable presumption of non-liability available under § 82.008. Plaintiff contends the relevant product risk is injury from rotational forces transmitted to the brain during a collision, a risk not addressed by FMVSS 218 (Dkt. #58 at p. 9; Dkt. #68 at pp. 2–6). Defendant Cycle Gear characterizes the risk more broadly as head impact injuries and argues that FMVSS 218's stated purpose—reducing deaths and head impact injuries—encompasses the harm alleged here (Dkt. #66 at pp. 4–5).

---

[1] Plaintiff also moved for summary judgment on Defendant Cycle Gear's federal preemption defense, but Defendant Cycle Gear has expressly abandoned that defense in its Response (Dkt. #66 at pp. 2). Accordingly, the Court need not address that issue.

4

The Court finds that the facts presented do not trigger the presumption of non-liability under § 82.008. The Texas Supreme Court has held that the "product risk" must be tied to the specific harm alleged. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 872 (Tex. 2014) (establishing that compliance with FMVSS 208 creates a presumption of nonliability "only if that standard 'governed the product risk that allegedly caused the harm'") (citing TEX. CIV. PRAC. & REM. CODE §82.008(a)). Here, Plaintiff alleges that the helmet's failure to incorporate anti-rotational technology caused his brain injury (Dkt. #58 at pp. 1–2). But FMVSS 218 regulates only impact attenuation, penetration resistance, and labeling requirements; it does not impose or prohibit standards relating to rotational acceleration (Dkt. #68 at p. 4). Accordingly, FMVSS 218 does not govern the product risk at issue in this case.

Because the statutory presumption requires that the governing regulation address the specific product risk alleged—which, here, FMVSS 218 does not—Defendant Cycle Gear cannot invoke § 82.008. Having determined that the threshold condition is not satisfied, the Court need not analyze whether Plaintiff has presented evidence sufficient to rebut the adequacy of FMVSS 218. Plaintiff's Motion for Summary Judgment on this defense is therefore **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. #58) is hereby **GRANTED**. Defendant Cycle Gear, Inc. may not rely on the rebuttable presumption of non-liability under Texas Civil Practice and Remedies Code §82.008, as the threshold condition for the presumption is not satisfied.

**IT IS SO ORDERED.**

**SIGNED this 28th day of August, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE