# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CAMERON WOODALL, § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:23-cv-870 |
| § | Judge Mazzant |
| CYCLE GEAR, INC., et al., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cycle Gear, Inc.'s Motion for Summary Judgment (Dkt. #60). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This is a products liability case arising from a motorcycle accident. Plaintiff alleges he suffered a traumatic brain injury while wearing a helmet designed by Defendants Yohe Helmet Manufacturing Co., Ltd. and Foshan City Nanhai Yongheng Helmet Manufacturing Co., Ltd. (the "Foreign Defendants"), and sold by Defendant Cycle Gear, Inc. (Dkt. #60 at pp. 2–3). Plaintiff purchased a helmet from Defendant Cycle Gear on or before September 9, 2022 and was struck by another vehicle while wearing it (Dkt. #60 at pp. 2–3). Plaintiff contends that "the subject helmet was defective, and that [Defendant] Cycle Gear 'designed, manufactured, and marketed' the subject helmet" (Dkt. #60 at pp. 2–3).

Defendant Cycle Gear disputes these assertions, arguing among other things that (1) it is entitled to statutory immunity under Section 82.008 of the Texas Civil Practice and Remedies

Code (Dkt. #60 at p. 6); (2) Plaintiff's service of the Foreign Defendants was defective (Dkt. #60 at p. 13); and (4) Plaintiff does not meet the standard for gross negligence (Dkt. #60 at p. 23).[1]

On April 16, 2025, Defendant Cycle Gear filed its Motion for Summary Judgment (Dkt. #60). On May 7, 2025, Plaintiff filed his Response (Dkt. #64). On May 14, 2025, Defendant Cycle Gear filed its Reply (Dkt. #71). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden

---

[1] Plaintiff previously alleged an additional marketing defect claim, which he "hereby announces [an] intent to dismiss" (Dkt. #60 at pp. 16–19; Dkt. #64 at p. 20). Accordingly, the Court need not address that claim in this Order.

2

of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The Court begins with Defendant Cycle Gear's reliance on the statutory presumption of non-liability under § 82.008, a threshold issue the Court has previously addressed in this case (*See generally* Dkt. #94). The Court then turns to Defendant Cycle Gear's renewed arguments concerning service of the foreign helmet manufacturers under § 82.003. After reaffirming those

prior rulings, the Court will consider Defendant Cycle Gear's remaining design defect, negligence, and gross negligence claims.

I.   **Statutory Presumption of Non-Liability Under Texas Civil Practice and Remedies Code §82.008**

Defendant Cycle Gear seeks summary judgment on the ground that it is entitled to the statutory presumption of non-liability under § 82.008 (Dkt. #60 at p. 6). That statute applies where the product at issue complied with federal safety standards governing the product risk that allegedly caused the harm. *See* TEX. CIV. PRAC. & REM. CODE § 82.008(a). Accordingly, the threshold question is whether FMVSS 218 governs the product risk alleged in this case.

The Court has already addressed that precise issue in ruling on Plaintiff's Motion for Partial Summary Judgment (Dkt. #94 at pp. 4–5). In that Order, the Court held that FMVSS 218 does not govern the risk of rotational brain injuries because the regulation concerns impact attenuation, penetration resistance, and labeling requirements but does not address rotational acceleration (Dkt. #94 at pp. 4–5). As a result, the Court concluded that Defendant Cycle Gear could not invoke § 82.008 to defend itself from Plaintiff's claims (Dkt. #94 at pp. 4–5).

Defendant Cycle Gear presents no new authority or evidence in its own Motion that would alter that conclusion. As before, Plaintiff alleges that his injury was caused by the helmet's failure to mitigate rotational forces, not by the linear head impacts addressed by FMVSS 218 (*See, e.g.*, Dkt. #64 at pp. 11, 13–14). Governing Texas precedent requires that the regulation encompass the specific product risk alleged, and FMVSS 218 does not (*See* Dkt. #[[cite]] at p. 5) (citing *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 872 (Tex. 2014)).

Because FMVSS 218 does not govern the product risk at issue, Defendant Cycle Gear cannot establish the threshold condition for statutory immunity. The Court therefore need not

4

reach the question of whether Plaintiff has presented evidence sufficient to rebut the adequacy of the regulation, as the presumption never attached. Accordingly, the Court should **DENY** Defendant's Motion as to this ground.

## II.  Service of Foreign Defendants

Defendant Cycle Gear also reasserts that Plaintiff failed to properly serve the Foreign Defendants under the Hague Convention and, therefore, cannot rely on their absence to impose liability on Defendant Cycle Gear (Dkt. #60 at pp. 14–16). Again, the Court addressed this issue when ruling on Plaintiff's earlier Motion for Partial Summary Judgment (*See* Dkt. #91 at pp. 6–7). There, the Court held that Plaintiff's service through the Texas Secretary of State satisfied § 82.003(c) and that the failure of the Foreign Defendants to answer or appear triggered the statutory presumption that they are beyond this Court's jurisdiction (Dkt. #91 at pp. 6–7). Defendant Cycle Gear provides no new basis to revisit that ruling. Consistent with that Order, then, the Court concludes Plaintiff's service was sufficient under § 82.003(c) and that Defendant Cycle Gear may be treated as a manufacturer unless it secures jurisdiction over the Foreign Defendants.

Having resolved the statutory defenses under §§ 82.008 and 82.003, the Court now turns to Defendant Cycle Gear's remaining arguments, which concern the sufficiency of Plaintiff's evidence on three substantive claims: (1) design defect, (2) negligence, and (3) gross negligence. Each of these arguments hinges on disputed factual issues that must be evaluated in light of the summary judgment record. The Court evaluates each in turn below.

## III.  Design Defect

First, Defendant Cycle Gear argues that Plaintiff has not produced evidence of a safer alternative design, as required under Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 82.005(b). However, Plaintiff's designated experts—Dr. John Lloyd and Dr. Matthew Panzer—opined that

anti-rotational helmet technologies, such as a multi-direction impact protection system ("MIPS"), were available as early as 2016 and that their absence substantially contributed to Plaintiff's traumatic brain injury (Dkt. #64 at p. 18). Dr. Lloyd further explained that MIPS-equipped helmets were economically practicable because more than 1.7 million units were sold in 2016 (Dkt. #64 at p. 18). At this stage, Plaintiff is not required to prove cost-benefit analysis to the penny; he need only raise a fact dispute. His experts' testing and analysis suffice to create a jury question on whether safer alternative designs were available and whether their absence was a producing cause of his injuries. Thus, the Court must **DENY** Defendant's Motion on this ground.

## IV.  Negligence and Gross Negligence

Second, Defendant Cycle Gear argues that Plaintiff cannot establish either negligence or gross negligence (Dkt. #60 at p. 1). To prevail on his negligence claim, Plaintiff must show "(1) the existence of a duty on the part of [Defendant Cycle Gear] to [Plaintiff]; (2) the breach of that duty; and (3) the injury to [Plaintiff] as a proximate result of the breach" (Dkt. #64 at p. 20) (citing *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 807 (S.D. Tex. 2011)). To prevail on his gross negligence claim, Plaintiff must show "(1) an extreme degree of risk; (2) [Defendant] Cycle Gear's actual awareness of the risk; and (3) that [Defendant] Cycle Gear proceeded with conscious indifference to Plaintiff's safety despite knowledge of the risk" (*See* Dkt. #64 at pp. 22–23) (citing TEX. CIV. PRAC. REM. CODE § 41.001(11)(A)-(B)).

Here, Plaintiff asserts that, as to negligence, Defendant Cycle Gear "was aware at the time the subject helmet was marketed that rotational-related brain injuries were common" and that "some helmets in its stores did incorporate such technology but that the subject [] helmet did not" (Dkt. #64 at p. 21). In Plaintiff's view, this gave rise to "a duty to warn and market the subject helmet in a non-negligent manner," which, of course, Plaintiff alleges that Defendant did not do

(Dkt. #60 at pp. 21–22). As to gross negligence, Plaintiff cites testimony from Defendant Cycle Gear's corporate representative admitting knowledge of anti-rotational helmet technologies such as MIPS as early as 2016, yet choosing not to adopt them in the allegedly defective helmet manufactured in 2018 (Dkt. #64 at pp. 23–26). Based on these facts, the Court finds that a reasonable jury could conclude that knowingly foregoing such technology supports a negligence or gross negligence claim. Thus, Plaintiff's presented evidence is sufficient to raise a genuine dispute of material fact. The Court must accordingly **DENY** Defendant's Motion on this ground.

## CONCLUSION

It is therefore **ORDERED** that Defendant Cycle Gear, Inc.'s Motion for Summary Judgment (Dkt. #60) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 3rd day of September, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE